**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONGS OF UNIVERSAL, INC.; SEVEN ANGELS MUSIC; HARLAN HOWARD SONGS, INC.; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; GET LOOSE MUSIC, INC.; UNICHAPPELL MUSIC, INC.; FORREST RICHARD BETTS MUSIC, | ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CASE NO.    1:16-cv-00758 ) |
| v. | ) ) |
| CORVETTE U S A INC. d/b/a CC'S GROVE INN; and CHARLES STROH, Individually, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

**THE PARTIES**

3.      Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to

license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff Songs of Universal, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Seven Angels Music is a sole proprietorship owned by Kostas Sauvas Lazarides.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff Harlan Howard Songs, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.      Plaintiff Universal-Songs of Polygram International, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff Get Loose Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

10.      Plaintiff Unichappell Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.      Plaintiff Forrest Richard Betts Music is a sole proprietorship owned by Forrest Richard Betts.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.      Defendant Corvette U S A Inc. is a corporation organized and existing under the laws of the State of Illinois.

13.     Defendant Corvette U S A Inc. operates, maintains, and controls an establishment known as CC's Grove Inn, located at 8258 S Kean Avenue, Willow Springs, IL 60480, (the "Establishment") in this district.

14.     In connection with the operation of the Establishment, Defendant Corvette U S A Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15.     Defendant Corvette U S A Inc. has a direct financial interest in the Establishment.

16.     Defendant Charles Stroh is the President of Defendant Corvette U S A Inc. with responsibility for the operation and management of that corporation and the Establishment.

17.     Defendant Charles Stroh has the right and ability to supervise the activities of Defendant Corvette U S A Inc. and a direct financial interest in that corporation and the Establishment.

18.     Upon information and belief, Defendant Charles Stroh resides in this district at 3909 W. 123rd Street, Alsip, IL 60803.

## CLAIMS OF COPYRIGHT INFRINGEMENT

19.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 18.

20.     Since June 2003, BMI has reached out to Defendants over 109 times by telephone, in-person visits, and mail to inform Defendants of their obligations under the Copyright Act to obtain a license for the public performance of musical compositions in the BMI repertoire.  The letters included Cease and Desist Notices informing Defendants that they must immediately cease all use of musical compositions from the BMI Repertoire at the Establishment.

21.     Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

22.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 provides the claim number; Line 2 lists the title of the musical composition related to that claim; Line 3 identifies the writer(s) of the musical composition; Line 4 identifies the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 provides the date on which the copyright registration was issued for the musical composition; Line 6 indicates the copyright registration number(s) for the musical composition; Line 7 shows the date(s) of infringement; and Line 8 identifies the Establishment where the infringement occurred.

23.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

24.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

25.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

26.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

27.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works from the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court enjoins Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(I)     that Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)    for judgment that Defendants' infringement has been willful;

(III)   that Defendants be ordered to pay actual or statutory damages, pursuant to 17 U.S.C. §  504(a)–(c);

5

(IV)    that Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(V)    that Plaintiffs have such other and further relief as is just and equitable.

Dated:  January 19, 2016

By:    /s/ Charles A. Laff
Charles A. Laff (1558153)
Gilberto E. Espinoza (6277437)
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 N. Stetson Avenue, Suite 2000
Chicago, IL  60601
(312) 222-0800
calaff@michaelbest.com
geespinoza@michaelbest.com

*Attorneys for Plaintiffs*

# *Schedule*

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | Devil Went Down To Georgia a/k/a The Devil Went Down To Georgia |
| Line 3 | Writer(s) | Charles E. (Charlie) Daniels; Tom Crain; William Joel (Taz) DiGregorio; Fred Edwards; Charlie Hayward; James W. Marshall |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc. |
| Line 5 | Date(s) of Registration | 1/29/79   8/10/79 |
| Line 6 | Registration No(s). | PAu 84-340  PA 42-829 |
| Line 7 | Date(s) of Infringement | 9/13/2015 |
| Line 8 | Place of Infringement | CC's Grove Inn |

---

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Blame It On Your Lyin' Cheatin' Etc Heart a/k/a Mean Mistreatin' Lovin' Heart' |
| Line 3 | Writer(s) | Kostas Lazarides; Harlan Howard |
| Line 4 | Publisher Plaintiff(s) | Kostas Sauvas Lazarides, an individual d/b/a Seven Angels Music; Harlan Howard Songs, Inc.; Universal - Songs of Polygram International, Inc. |
| Line 5 | Date(s) of Registration | 12/24/92 |
| Line 6 | Registration No(s). | PAu 1-700-720 |
| Line 7 | Date(s) of Infringement | 9/13/2015 |
| Line 8 | Place of Infringement | CC's Grove Inn |

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | What's Your Name |
| Line 3 | Writer(s) | Gary Rossington; Ronnie Van Zant |
| Line 4 | Publisher Plaintiff(s) | Songs of Universal, Inc.; Get Loose Music, Inc. |
| Line 5 | Date(s) of Registration | 12/7/77      7/3/78 |
| Line 6 | Registration No(s). | Eu 853395      PA 13-433 |
| Line 7 | Date(s) of Infringement | 9/13/2015 |
| Line 8 | Place of Infringement | CC's Grove Inn |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Ramblin' Man |
| Line 3 | Writer(s) | Forrest Richard Betts |
| Line 4 | Publisher Plaintiff(s) | Unichappell Music, Inc.; Forrest Richard Betts d/b/a Forrest Richard Betts Music |
| Line 5 | Date(s) of Registration | 9/17/73      4/24/74 |
| Line 6 | Registration No(s). | Eu 433219      Ep 323654 |
| Line 7 | Date(s) of Infringement | 9/13/2015 |
| Line 8 | Place of Infringement | CC's Grove Inn |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | Southbound |
| Line 3 | Writer(s) | Forrest Richard Betts |
| Line 4 | Publisher Plaintiff(s) | Forrest Richard Betts, an individual d/b/a Forrest Richard Betts Music; Unichappell Music, Inc. |
| Line 5 | Date(s) of Registration | 1/5/01      9/17/73 |
| Line 6 | Registration No(s). | RE 841-621      Eu 433217 |
| Line 7 | Date(s) of Infringement | 9/13/2015 |
| Line 8 | Place of Infringement | CC's Grove Inn |